**In the Matter of Wayne L. LYNN and Catherine Lynn, Debtors.**

**Bankruptcy No. MM7–80–00159.**

United States Bankruptcy Court, W. D. Wisconsin.

Aug. 21, 1981.

Kenneth Doran, Madison, Wis., for Wayne L. Lynn and Catherine Lynn.

Michael Kepler of Paskin & Kepler, Madison, Wis., trustee.

OPINION

ROBERT D. MARTIN, Bankruptcy Judge.

Wayne L. Lynn was injured in a truck accident September 1, 1977. He sustained injuries to his back, spine, neck, hips, pelvis, left leg, and foot. Mr. Lynn commenced a lawsuit against the other driver and his employer to recover damages arising from his personal injuries. His wife, Catherine L. Lynn, joined in the action to recover damages arising from her loss of consortium. The Lynns filed a chapter 7 petition in bankruptcy on February 8, 1980. At that time the Lynns' personal injury action was still pending. On June 24, 1980, the debtors amended their Schedule B–4 to include the value for property claimed exempt from the pending personal injury suit to include $7,500 pursuant to 11 U.S.C. § 522(d)(11)(D). Catherine Lynn received a check for $8,000 in settlement of her loss of consortium claim. The trustee objects to her exemption of $7,500 of the $8,000 recovery. The $8,000 is presently held by the trustee until this Court determines whether the claimed exemption is proper. As there is no dispute as to the facts, the matter was submitted to the Court on briefs.

11 U.S.C. § 522(d)(11)(D) grants the debtor an exemption for:

(11) The debtor's right to receive, or property that is traceable to—

(D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent . . . .

The issue over which the parties are in dispute is whether Catherine Lynn's award for loss of consortium is "on account of [the] personal bodily injury" which her husband has suffered. "[O]n account of personal bodily injury" is not defined in the Code, nor has it been construed in any cases. House Report 95–595 contains the only discussion on the scope of this exemption.

This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill. H.R. 95–595 at 362, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

This legislative history cannot be taken seriously. It specifically excludes all of the types of losses that generally make up a personal injury award.[1] If the legislative history for 11 U.S.C. § 522(d)(11)(D) is used to interpret this exemption, it has no meaning. That cannot have been Congress' intent. The meaning of the exemption must be determined by the words of the statute itself and law interpreting those words. If an award for loss of consortium is "on account of personal bodily injury", Mrs. Lynn is entitled to exempt $7,500 of the award. If it is not, then the trustee may distribute the whole award to creditors.

In *Peeples v. Sargent*, 77 Wis.2d 612, 643, 253 N.W.2d 459 (1977), the Wisconsin Supreme Court discussed the concept of loss of consortium.

"Consortium involves a broad range of elements such as love, companionship, affection, society, sexual relations, and the right of support or the performance of marital services, any one of which is sufficient to constitute a cause of action." *Schwartz v. Milwaukee*, 54 Wis.2d 286, 292, 195 N.W.2d 480 (1972). The cause of action for consortium occasioned by an injury to one marriage partner is a separate cause of action belonging to the spouse of the injured marriage partner. *Id.* at 293 [195 N.W.2d 480]. A wife's loss of consortium cause of action is derivative "in the sense it arose out of or was occasioned by an injury to her husband." *Id. accord White v. Lunder*, 66 Wis.2d 563, 574, 225 N.W.2d 442 (1975). However, loss of consortium is a direct injury to the spouse who has lost the consortium.

Although loss of consortium is a direct injury to the spouse, it is dependent on the spouse's injury action. In *Utecht v. Steinagel*, 54 Wis.2d 507, 196 N.W.2d 674 (1972), the Wisconsin Supreme Court overturned a jury verdict which awarded nothing to the person actually injured, but $1,000 to her spouse. The court stated that the verdict was internally inconsistent, since the husband's action was derivative, in that he could only recover on his own behalf if his wife was injured and entitled to damages on her own behalf. 54 Wis.2d at 516, 518, 196 N.W.2d 674.

■ Similarly in *Schwartz v. Milwaukee*, 54 Wis.2d 286, 195 N.W.2d 480 (1972), the court stated:

In recognizing the individual right of the wife to be compensated for the loss of consortium, we pointed out in *Moran* it

---

1. A personal injury award is composed of three kinds of losses.

First, there are time losses, for which the plaintiff can recover the value of any lost time or earning capacity, . . . Second, there are expenses incurred by reason of the injury, usually medical expenses and kindred items. Third, there is whatever loss is involved in pain and suffering in its various forms. DOBBS, REMEDIES § 8.1, p. 540 (1973).

was her separate cause of action and not her husband's, which was on the other side of the coin. While the possibility a jury might grant double recovery was recognized in *Moran,* the concept of consortium was the foundation of separate rights in both husband and wife. Each can recover for his loss without there being a double recovery. This view emerged in *Fitzgerald v. Meissner & Hicks, Inc.* (1968), 38 Wis.2d 571, 157 N.W.2d 595, wherein we held a wife's claim of the damages for loss of consortium occasioned by her husband's injuries could be asserted in a separate action. We pointed out the wife's action was derivative only in the sense it arose out of or was occasioned by an injury to her husband. This is not the usual meaning of the word "derivative" and it might be more accurate to say a wife's damage was dependent upon the husband's injury and her cause of action must include the common factor of the accident and injury to her husband. 54 Wis.2d at 293, 195 N.W.2d 480.

The Wisconsin Court has taken the position that while the cause of action for loss of consortium is a separate and distinct one from the principal injury action, it is derivative in the sense that it constitutes an award for damages suffered by one spouse arising out of the injury suffered by the other spouse. The phrases "arose out of" as used in *Schwartz, supra,* or "was occasioned by" as used in *Peeples, supra,* seem to impart the same meaning as the "on account of" language in 11 U.S.C. § 522(d)(11)(D). Accordingly, it would seem that under Wisconsin law, an award based on loss of consortium is "on account of" the spouse's personal bodily injury.

This conclusion is consistent with that reached by other courts in deciding whether loss of consortium awards are encompassed within insurance policy clauses or statutes which refer to "bodily injury." See *Tulchinsky v. Public Service Mutual Casualty Insurance Corp.,* 245 App.Div. 382, 282 N.Y.S. 945 (1935); *Automobile Underwriters, Inc. v. Camp,* 109 Ind.App. 389, 32 N.E.2d 112, 115 (1941); *Cormier v. Hudson,*

284 Mass. 231, 187 N.E. 625, 627 (1933); and *Napier v. Banks,* 9 Ohio App.2d 265, 224 N.E.2d 158 (1967). Three California appellate cases also interpreted an action for loss of consortium as one arising out of the bodily injury suffered by the directly injured party. *Vanguard Ins. Co. v. Schabatker,* 46 Cal.App.3d 887, 120 Cal.Rptr. 614 (1975); *Campbell v. Farmers Ins. Exch.,* 260 Cal.App.2d 105, 67 Cal.Rptr. 1975 (1968); *Valdez v. Interinsurance Exchange of the Automobile Clubs of Southern California,* 246 C.A.2d 1, 54 Cal.Rptr. 906 (1966).

An award for loss of consortium because of a personal injury to the spouse is a payment "on account of personal bodily injury . . . of the debtor or an individual of whom the debtor is a dependent" and therefore may be exempted pursuant to 11 U.S.C. § 522(d)(11)(D). The trustee's objection to the exemption is overruled.