**In re Jane SIDEBOTHAM a/k/a Jane Foley, Debtor.**

**Bankruptcy No. 87–01065S.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 9, 1987.

Joseph B. Finley, Jr., Philadelphia, Pa., trustee.

Allan K. Marshall, Philadelphia, Pa., for debtor.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

Before us is the "Trustee's Motion for Order Disallowing Debtor's Exemption Claim" which is, for obvious reasons, opposed by the Debtor in what the Debtor filed as a "no asset" Chapter 7 bankruptcy.

It appears that the Debtor, Jane Sidebotham a/k/a Jane Foley (hereinafter referred to as "the Debtor"), has attempted to exempt the entire proceeds, if any, which she hopes to receive in connection with a medical malpractice lawsuit in which she is plaintiff which is currently pending in state court. We believe that we must grant the Trustee's Motion in part, because the amount to which the Debtor is entitled to claim as exempt is limited by that allowed by the cumulative effect of 11 U.S.C. §§ 522(d)(11)(D), 522(d)(11)(E), and 522(d)(5). However, all that we can order at this point, being uncertain of the outcome of the malpractice lawsuit, is that the case remain open pending the outcome of the lawsuit, after which the principles for interpreting these Code provisions, as set forth herein, can be applied.[1]

Except for the contingent and unliquidated claim or possible asset of the Debtor due to her medical malpractice suit, this case would have been closed as a no-asset case soon after the Debtor received her discharge. However, the Chapter 7 Trustee, Joseph B. Finley, Jr. (hereinafter referred to as "the Trustee"), noted the Debtor's "Medical malpractice lawsuit pending against a doctor and a hospital," the estimated value for which was set forth as "VALUE UNKNOWN," listed in the Debtor's Schedule B–2(q)—Personal Property; and as "Property Claimed as Exempt" in Schedule B–4, also with an "UNKNOWN" value. Consequently, the Trustee filed the instant Motion to disallow any exemption in the potential malpractice proceeds which exceeds the amounts allowable pursuant to §§ 522(d)(11)(D), 522(d)(11)(E), and 522(d)(5).

The pertinent sections of the Bankruptcy Code provide the following allowed exemptions:

11 U.S.C. § 522(d)(5)—

The debtor's aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount

---

1. But see page 506 *infra,* where we suggest that a proceeding to estimate this claim might be possible.

of the exemption provided under paragraph (1) of this subsection.

11 U.S.C. § 522(d)(11)—

The debtor's right to receive, or property that is traceable to—

(D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

With respect to § 522(d)(5), we hold that, to the extent that the potential proceeds exceed the exemption allowed under § 522(d)(11)(D), the Debtor is entitled to an additional exemption of $3,750.00 as an allowed but unused exemption provided under § 522(d)(1).[2]

However, the difficulty with which we are faced in the instant Motion is the fact that the medical malpractice claim is contingent and unliquidated. Moreover, it appears that, even if we knew the liquidated amount of damages or lump sum, it might be allocated as compensation for personal bodily injury, separate and apart from pain and suffering or compensation for actual pecuniary loss, e.g., medical expenses, in order to be exempt per the statute. The language of § 522(d)(11)(D) is perfectly clear that a ceiling of $7,500.00 is placed upon the allowed exemption "on account of personal bodily injury." No exemption is allowed under this Code section for any other consequences of a personal injury. A thorny question is raised, however, as how to interpret the phrase "personal bodily injury" in this section, and we may as well provide guidance to the parties in the future by addressing this question here and now.

Assistance in resolving this question from legislative history and case law is sparse. However, we do have one statement from the Notes of the Committee on the Judiciary that § 522(d)(11)(D) "is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill." H.R. 95–595, 95th CONG., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. This legislative history is cited in 3 COLLIER ON BANKRUPTCY, ¶ 522.20, at 522–68 (15th ed. 1987). However, the effect of this passage as conclusively limiting the scope of the term "personal bodily injury" has been rejected by two courts in *In re Territo*, 36 B.R. 667 (Bankr.E.D.N.Y. 1984); and *In re Lynn*, 13 B.R. 361 (Bankr. W.D.Wisc.1981).

A small number of cases have addressed § 522(d)(11)(D) or an identical state law provision, and, while none of them are precisely on point to the facts herein, the courts deciding them have been uniform in accepting, oftentimes without discussion or analysis, the premise that any claim for bodily injury in excess of $7,500.00 is non-exempt property, as well as the premise that any claim which consists of purely pain and suffering or actual pecuniary loss would not be exempt. *In re Tignor*, 729 F.2d 977 (4th Cir.1984) (under state law, which is identical to § 522(d)(11)(D), claim of exemption for bodily injury will be allowed under Virginia homestead exemption); *In re Geis*, 66 B.R. 563 (Bankr.N.D. Ga.1986) (court interprets state law provision which is identical to § 522(d)(11)(D) in dictum); *In re Haga*, 48 B.R. 492 (Bankr.E. D.Tenn.1985) (court interprets state law provision which is identical to § 522(d)(11)(D) and finds that the debtor's actual bodily injuries are extensive enough to account for at least $7,500.00; the debtor is allowed the full $7,500.00 exemption; *In re Shahan*, 40 B.R. 608 (Bankr.N.D.Tex. 1984) (court's interpretation of § 522(d)(11)(D) grants the debtor an exemption of $7,500.00 for injuries received in an

---

**2.** The Debtor exhausted her $400.00 "wild card" exemption allowable under § 522(d)(5) by claiming a $400.00 bank account deposit exemption on her Schedule B–4.

automobile collision without discussion); *Territo, supra* (in interpreting § 522(d)(11)(D), the court concludes that pain and suffering logically encompasses only mental and emotional trauma which distinguishes pain and suffering from bodily injury and court allows exemption for bodily injury); *Lynn, supra* (in interpreting § 522(d)(11)(D), the court concludes that proper analysis requires mere inquiry of whether $7,500.00 claimed exemption was "on account of actual bodily injury" and holds that an award for loss of consortium is such an injury, entitling the debtor to exempt the $7,500.00); *In re Musgrove,* 7 B.R. 892 (Bankr.W.D.Va.1981) (under state law which is identical to § 522(d)(11)(D), an unliquidated and contingent claim against an employer under Federal Employer's Liability Act is exempt).

Only two courts, *Territo* and *Lynn,* have really analyzed the real question of how to interpret the phrase "bodily injury" in § 522(d)(11)(D). We are persuaded by their analysis and conclusion that § 522(d)(11)(D) does not mandate the exclusion of pain and suffering damages unless pain and suffering encompasses only mental and emotional trauma or unless the Debtor's bodily injury is clearly insufficient to merit compensation of $7,500.00 in itself. As the *Territo* court holds, any other interpretation of § 522(d)(11)(D) would render it virtually meaningless. *Territo, supra,* 36 B.R. at 670. The *Lynn* court goes so far as to state that the "legislative history [3] cannot be taken seriously. It specifically excludes all of the types of losses that generally make up a personal injury award. If the legislative history for 11 U.S.C. § 522(d)(11)(D) is used to interpret this exemption, it has no meaning. That cannot have been Congress' intent." 13 B.R. at 362.

*Territo* follows the reasoning of *Lynn,* and, having heard evidence concerning the nature of the Debtor's injuries, the *Territo* court allows an exemption for monies received as compensation for those injuries. *Territo, supra,* 36 B.R. at 670. The *Territo* court characterizes Congressional intent

in this area as "somewhat ambiguous." *Id.* at 671.

Although the one case, *In re Wilson,* 22 B.R. 146 (Bankr.D.Ore.1982), cited by the Debtor is factually inapposite, we agree with the proposition for which it is cited, which is that, when "the intent of the legislature is unclear, liberal interpretation of exemption laws are favored." This principle causes us to conclude that *Territo* and *Lynn* are correct in reading § 522(d)(11)(D) broadly and only excluding damages received by a debtor *solely* for pain and suffering or far out of proportion to the actual bodily injuries suffered by the Debtor.

In the case at hand, the lawsuit is still pending; hence, no one has any idea of the amount of damages, if any, nor does anyone know on what basis or for what injuries an award or settlement of money may be made. There is no indication that the Debtor did or did not sustain bodily injury or the extent thereof such as to warrant an exemption pursuant to § 522(d)(11)(D). Consequently, we are unable to reach a decision at this time as to the amount to which the Debtor is entitled to claim as exempt pursuant to § 522(d)(11)(D).

Similarly, we are unable to determine the allocation, if any, of payment in compensation of loss of future earnings pursuant to § 522(d)(11)(E) at this time.

The only possibility to avoid our ultimate result of holding this case in suspense pending the outcome of the Debtor's state court lawsuit would be some sort of estimation of her contingent claim. However, while estimation of a creditor's claim is authorized by 11 U.S.C. § 502(c), we have not uncovered any Code or case authority allowing us to estimate a *debtor's* claim. While not ruling out this possibility, we note that neither party has requested us to engage in an estimation process at this juncture, and we therefore shall not do so.

We shall, therefore, direct that this case remain open for a future determination of the amount to which the Debtor is entitled to exempt based upon the outcome of the

---

**3.** See page 505 *supra* for the text of the pertinent    legislative history.

pending state-court medical malpractice lawsuit. An appropriate Order is attached.