**In re Robert D. BLIZARD, Debtor.**

**Bankruptcy No. 3–87–02999(2)7.**

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 15, 1988.

Robert S. Silverthorn, Jr., Louisville, Ky., for debtor.

Joseph J. Golden, Louisville, Ky., trustee.

**MEMORANDUM–OPINION**

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter came on for hearing by the Court on the trustee's objection to a B–4 exemption claimed by the debtor relating to the debtor's recovery of $14,000.00 as a result of a personal injury. The case is one of first impression and our chief determination is whether the debtor's personal injury award can be exempted under K.R.S. 427.-150(2)(c) and (d). In order to make that determination, we look not only to the applicable statutes and case law for guidance, but, also, to the Federal Bankruptcy Rules to determine each party's burden of proof. After reviewing the record and hearing arguments from the trustee and counsel for the debtor, we conclude the trustee's motion must be overruled.

The facts are, and the Court so finds, as follows. Sometime prior to the filing of the Chapter 7 petition, the debtor, Robert D. Blizard, Jr., incurred injuries as a result of a motorcycle accident. Enormous medical bills of over $50,000.00 were incurred by the debtor as a result of the accident. Only a minimum amount of insurance coverage was available to the debtor and, prior to the filing of these proceedings, the debtor settled with the insurance carrier for a net recovery to the debtor of $14,000.00. On Schedule B–4, the debtor claimed the $14,000.00 as exempt under K.R.S. 427.-150(2)(c) and (d). The trustee filed an objection to the exemption, claiming that only the sum of $7,500.00 on account of personal bodily injury is exempt.

Pursuant to 11 U.S.C. Section 522(b)(1) and K.R.S. 427.170, Kentucky has removed Kentucky debtors from the federal exemption scheme. K.R.S. 427.150 provides in part as follows:

"(2) An individual is entitled to exemption of the following property:

. . . . .

(c) A payment not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;

(d) A payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent to the extent reasonably necessary for the support of the debtor and any dependent of the debtor...."

There is no evidence in the record to indicate the elements making up the total net settlement of $14,000.00, and the Court would indulge in sheer speculation if it allocated percentages for the various causes of action making up any personal

injury claim. We do note, however, the documentation supplied to us by debtor's counsel showing that the debtor sustained a 40 percent partial permanent functional disability as a result of the accident. Additionally, the Court notes that a typically drafted release to be signed by the parties in a personal injury action would include a release for pain and suffering, bodily injury, past medical expenses, future medical expenses, past loss of wages, future loss of wages, perhaps loss of consortium, as well as all other elements making up the personal injury claim.

The trustee obviously felt a duty to object to the proof of claim, as well he should have under 11 U.S.C. Section 704(5). However, under Bankruptcy Rule 4003(c) the burden of proof is on the party objecting to the exemption. As a general rule, the exemption statutes favor the debtor and are to be liberally construed, see *In re Lawson*, 42 B.R. 206 (Bankr.W.D.Ky.1984); *In re Bennett*, 36 B.R. 893 (Bankr.W.D.Ky.1984). Where an issue is left in doubt by the proof so that the Court would be required to speculate, the party upon whom the burden of proof ultimately rests must lose, see *Welch v. L.R. Cooke Chevrolet Co.*, 314 Ky. 634, 236 S.W.2d 690 (1950).

When applying the law to the facts in this case, the Court would be called upon to speculate that some amount in excess of $7,500.00 of the recovery was on account of personal bodily injury. The trustee urges the Court to find that all of the recovery is a result of the bodily injury and, therefore, all sums over $7,500.00 should be paid to the trustee. As was noted above, however, the burden is upon the trustee to establish that by the proof. Under the facts in this case, it would appear to be impossible for the trustee to sustain that burden and his objection to the exemption must be overruled.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.Pro. 7052.

An Order consistent herewith will be entered this day.