**In re Timmy GILBERT, Martha Gilbert, Debtors.**

**Bankruptcy No. 96–70585.**

United States Bankruptcy Court, E.D. Kentucky, Pikeville Division.

Oct. 14, 1997.

Cynthia E. Elliott, Jackson, KY, for Debtors.

Phaedra Spradlin, trustee, Lexington, KY, pro se.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

In this case the Court is called upon to decide whether the debtors may exempt $16,000.00 of a $20,000.00 personal injury settlement pursuant to KRS 427.150(2)(c) and (d). The trustee has objected to such exemption primarily on the basis that the debtors, whose sole source of income is government assistance, cannot claim that compensation for loss of future wages comprises any part of the settlement. The trustee states in her objection: "There is no proof that this payment is for permanent bodily injury or future wages. If the payment is not for losses in these categories it is not exempt."

The relevant statute, KRS 427.150(2)(c), provides in pertinent part that an individual is entitled to exemption of "[a] payment, not to exceed seven thousand five hundred dollars ($7,500), on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor ..." The language of the statute does not refer to "permanent" bodily injury. Loss of future earnings is treated in KRS 427.150(d) which provides in pertinent part that an individual is entitled to exemption of

"[a] payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, ...."

A similar case involving an insurance settlement for personal injury, *In re Blizard*, 81 B.R. 431 (Bkrtcy.W.D.Ky.1988), was based on a debtor's claim of exemption under KRS 427.150(c) and (d):

There is no evidence in the record to indicate the elements making up the total net settlement of $14,000.00, and the court would indulge in sheer speculation if it allocated percentages for the various causes of action making up any personal injury claim. We do note, however, the documentation supplied to us by debtor's counsel showing that the debtor sustained a 40 percent partial permanent functional disability as a result of the accident. Additionally, the Court notes that a typically drafted release to be signed by the parties in a personal injury action would include a release for pain and suffering, bodily injury, past medical expenses, future medical expenses, past loss of wages, future loss of wages, perhaps loss of consortium, as well as all other elements making up the personal injury claim.

[U]nder Bankruptcy Rule 4003(c) the burden of proof is on the party objecting to the exemption. As a general rule, the exemption statutes favor the debtor and are to be liberally construed, .... Where an issue is left in doubt by the proof, so that the Court would be required to speculate, the party upon whom the burden of proof ultimately rests must lose, ....

When applying the law to the facts in this case, the Court would be called upon to speculate that some amount in excess of $7,500.00 of the recovery was on account of personal bodily injury. The trustee urges the Court to find that all of the recovery is a result of bodily injury and, therefore, all sums over $7,500.00 should be paid to the trustee. As was noted above, however, the burden is upon the trustee to establish that by the proof. Under the facts in this case, it would appear to be impossible for the

**504**

trustee to sustain that burden and his objection to the exemption is overruled.

At pages 431–432.

■ The documentation supplied in this case shows that the debtors sustained personal bodily injury. While these injuries might be characterized as slight, there is no doubt the debtors experienced some degree of injury. The trustee has, however, concentrated her argument on the point that the settlement could not have a loss of future earnings component because the debtors have not demonstrated any wage earning capacity. They exist on government assistance. The trustee's position is not support by case law. In *Pickard Chrysler, Inc. v. Sizemore,* Ky.App., 918 S.W.2d 736 (1995), the court stated:

> Evidence of past earnings is not always a prerequisite for an award for loss of future earnings. There have been cases in which, even though the plaintiff has never held a job (because of her young age or because she was a homemaker), she could nevertheless be found to have an earning capacity and be awarded future lost wages for a permanent injury. *Arnett v. Thompson,* Ky., 433 S.W.2d 109 (1968); *Spurlock v. Spurlock,* Ky., 349 S.W.2d 696 (1961).

At page 739.

The court in *Arnett v. Thompson, supra,* had held:

> It is argued that there was no showing of impairment of earning capacity of Miss Thompson such as to warrant the instruction allowing recovery for that. The claim is that the evidence did not show she had any permanent physical impairment, and in any event she had no earning capacity before the accident because she had never had a job. In our opinion, the medical evidence of her doctor, to the effect that she had sustained an injury to her neck and thoracic lumbar spine that was 'certain to become chronic,' was sufficient to sustain a finding of permanent injury. And of course the fact that she, at 19 years of age, was just out of high school and had never had a job does not mean that she could not sustain a loss of earning capacity.

At page 115. It seems clear to this Court, therefore, that the debtors herein are not precluded from claiming an exemption for any part of their settlement that might be attributable to loss of future earnings. Finally, this Court is in no better position than the *Blizard, supra,* court was to allocate percentages to the various causes of action that might have been pled. It therefore appears that the debtors should be able to exempt all of their settlement, and that the trustee's Objection to Claim of Exemption should be overruled.