**In re Melbourne John CIOTTA, Jr., Linda Lee Ciotta, dba H & M Coatings, Debtors.**

**Bankruptcy No. LA 98–17122–ER.**

United States Bankruptcy Court,
C.D. California,
Los Angeles Division.

July 15, 1998.

**628**

Todd B. Becker, Law Offices of Todd B. Becker, Long Beach, CA, for debtors.

David Poitras, Danning, Gill, Diamond & Kollitz, Los Angeles, CA, for trustee.

## MEMORANDUM OF DECISION

ERNEST M. ROBLES, Bankruptcy Judge.

### I. JURISDICTION

This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(a) (1998) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (1998) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (1998) (allowance or disallowance of claims against the estate or exemptions from property of the estate).

### II. STATEMENT OF FACTS

On February 24, 1998, Melbourne John Ciotta, Jr. and Linda Lee Ciotta ("Ciotta" and, collectively, "Debtors") filed a voluntary chapter 7 bankruptcy petition. On their Schedule C—Property Claimed as Exempt— the Debtors claim a $28,000 exemption for a prepetition sexual harassment lawsuit (the "Lawsuit"). The Lawsuit was filed in Los Angeles Superior Court by Ciotta against her employer, Yellow Freight Systems, Inc. ("Yellow Freight") and Elmer Bowers, a former Operations Manager at Yellow Freight. At the time the Debtors filed their bankruptcy petition the Lawsuit had not proceeded to trial.

Richard K. Diamond, the Chapter 7 Trustee ("Trustee"), filed a timely objection to part of the claimed exemption.[1] The Trustee objects to the $15,000 exemption claimed under California Civil Procedure Code § 703.140(b)(11)(D). That section allows an exemption of up to $15,000, on account of personal bodily injury, excluding pain and suffering or compensation for actual pecuniary loss. The Trustee believes that Ciotta's sexual harassment did not result in personal bodily injury, but contends that it is a claim for pain and suffering only.

The Debtors claim that Ciotta suffered personal bodily injury. Specifically, the Debtors assert that Bowers, Ciotta's direct supervisor at Yellow Freight, injured her.[2]

Ciotta's state court complaint alleges that Bowers' harassment included unwanted touching, "leading" her into a room, forcing his erect genitals against her body, making vulgar statements, verbal harassment, and constant staring. The state court complaint also asserts that Bowers' conduct caused Ciotta to suffer continuing severe fright, shock, stress, aggravation, embarrassment, humiliation, depression, discomfort, loss of sleep, nervousness, anxiety and severe physical,

---

**1.** The Trustee does not object to the Debtors' claim that the lawsuit is exempt in the amount of $13,000 pursuant to California Civil Procedure Code § 703.140(b)(5).

**2.** From 1995 to mid–1996, Bowers allegedly approached Ciotta repeatedly in an inappropriate manner at the workplace, committed verbal harassment, and constantly stared at her. (Debt-

or's Compl. ¶ 24). In August of 1996, Bowers allegedly grabbed Ciotta forcibly with both arms and pressed his erect penis against her body. *Id.* Ciotta had to wrench her body in order to free herself, and as a result of emotional distress, she has purportedly lost sleep and lived in fear of a future assault by Bowers. *Id.*

emotional and mental distress. (Debtor's Compl. ¶¶ 36, 53).

A hearing on the Trustee's objection to the Debtors' exemption was held on June 3, 1998. The court took this matter under submission to determine this issue: whether the harm suffered by Ciotta, if any, constitutes personal bodily injury within the meaning of California Civil Procedure Code § 703.140(b)(11)(D). If so, the lawsuit is an exempt asset up to the limit set forth in the statute. For the reasons set forth below in this Memorandum of Decision ("Memorandum"), the court sustains the Trustee's objection to the claim for exemption.

## III. DISCUSSION

### A. Burden of Proof

■ Federal Rule of Bankruptcy Procedure 4003(c) provides that "[t]he objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections." As the objecting party, the Trustee has the burden of showing that the Debtors are improperly claiming the lawsuit as exempt. *See, Shelley v. Kendall, (In re Shelley)*, 184 B.R. 356, 360 (9th Cir. BAP 1995).

■ One court has suggested in dicta that "while the Trustee has the burden of proving that exemptions are not properly claimed, the initial burden is with the Debtor to establish that the exemption, as claimed, is of the type covered by the statute." *In re Gregoire*, 210 B.R. 432, 436 (Bankr.D.R.I. 1997). In *Gregoire*, the debtor's exemption on account of personal bodily in jury was denied because he failed to present sufficient evidence that he had suffered a permanent injury. *Id.*, *Gregoire* unwisely reallocates the burden prescribed by Rule 4003(c) and reverses the presumptive validity of the scheduled exemption. The prima facie presumption is that a claimed exemption is correct. *In re Dunn*, 215 B.R. 121, 130 (Bankr. E.D.Mich.1997). "If the trustee fails to carry the burden of proving by a preponderance of the evidence that the exemption should be disallowed, the exemption will stand." *Id.*

■ A debtor is not required to make an affirmative showing that a claimed exemption is appropriate. *Gagne v. Bergquist*, 179 B.R. 884, 885 (D.Minn.1994) (holding that a bankruptcy trustee, objecting to an exemption, has the burden of producing evidence that rebuts the prima facie effect of the claimed exemption). The debtor only needs to characterize, either expressly or impliedly, that the claimed exemption falls within an exempt category. *Id.* Here, Debtors claim the Lawsuit as exempt, and they do so under the category for payments on account of personal bodily injury. Ciotta has further claimed that she suffered such personal bodily injury. Therefore, it is properly the Trustee's burden to offer evidence that the Debtors' exemption should not be allowed.

The state court action has not proceeded to trial, therefore this court must determine the exemption issue without a judgment or findings. Typically, this court would expect the Trustee to present evidence that the monetary judgment was not on account of personal bodily injury. Because this matter has not proceeded to trial, the court would expect the Trustee to present evidence that the complaint does not allege facts that would give rise to damages on account of personal bodily injury. For the reasons stated below, the Trustee has satisfied his burden.

### B. Definition of Personal Bodily Injury

■ The Debtors claim the Lawsuit as exempt under California Civil Procedure Code § 703.140(b)(11)(D). California has opted out of the federal exemption scheme, and thus under California law, a debtor can only claim exemptions pursuant to California law and any applicable non-federal Bankruptcy Law. CAL.CIV.PROC.CODE § 703.130. Section 703.140(b)(11)(D) provides that a party may exempt "[a] payment, not to exceed fifteen thousand dollars ($15,000), on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent."

■ There is no decisional law or legislative history that defines "personal bodily injury" as used in that section. However, one bankruptcy court has noted that "a close

reading of § 703.140 reveals that part (b)(11)(D) of that section was copied almost word for word from 11 U.S.C. § 522(d)(11). The use of the word 'bodily' in 703.140(b)(11)(D) appears to be attributable to a scribe's verbatim copying of the language of the federal statute...." *Haaland v. Corporate Management, Inc.,* 172 B.R. 74, 77 (S.D.Cal.1989). Therefore, it is appropriate to look to the federal statute to interpret the meaning of "personal bodily injury."

### 1. The Legislative History of the Federal Exemption Statute

Title 11 U.S.C. § 522(d)(11)(D) provides that a debtor may exempt "a payment not to exceed $15,000 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." The legislative history of the federal exemption statute is sparse and largely unhelpful in interpreting the exemption. The sole discussion by the legislature on the scope of the exemption is as follows:

> This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payment, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R.REP. No. 95–595, 95 Cong., 1st Sess. 361–362 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5693, 6318.

Several bankruptcy courts have recognized that Congress' intent in this area is "somewhat ambiguous." *Ford Motor Credit Co. v. Territo (In re Territo),* 36 B.R. 667, 671 (Bankr.E.D.N.Y.1984). The court in *Matter of Lynn,* 13 B.R. 361, 362 (Bankr.W.D.Wis. 1981), dismissed the importance of the legislative history. The *Lynn* court reasoned that:

> [T]his legislative history cannot be taken seriously. It specifically excludes all of the types of losses that generally make up a personal injury award. If the legislative history for 11 U.S.C. § 522(d)(11)(D) is used to interpret this exemption, it has no meaning. That cannot have been Con-

gress' intent. The meaning of the exemption must be determined by the words of the statute itself and law interpreting those words.

Both *Territo* and *Lynn* reject the notion that the legislative history serves conclusively to limit the scope of the phrase "personal bodily injury."

### 2. The Language of the Statute

The language of both the California and federal exemption statutes is problematic. Neither provides a guide to defining "personal bodily injury." A textual interpretation of the exemption statute proves unhelpful, for the applicable language fails to cite the type of injury required or the types of allegations that must be made in order to qualify for the exemption. The *Territo* court stated that, "read literally it could be reasonably concluded from the plain language of the statute that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left." *Territo,* 36 B.R. at 670.

The *Territo* court went on to state that "it can logically be concluded that Congress intended only mental and emotional trauma to fall under the heading of pain and suffering. There appears to be no other logical explanation for separating out bodily injury from other forms of pain and suffering." *Id.* This court agrees. Congress must have intended that damages for "pain and suffering" would not be exempt, while damages resulting in "personal bodily injury" or a physical manifestation, would.

A substantial majority of Ciotta's damage claims are considered mental or emotional trauma, and would therefore be categorized as pain and suffering. Ciotta's alleged damages resulting from the acts of the Defendants include, "fright, shock, stress, aggravation, embarrassment, humiliation, depression, ... nervousness, anxiety, ... emotional and mental distress." (Debtors' Compl. ¶¶ 36, 53). In consideration of the fact that the exemption statute distinguishes "pain and suffering" from "personal bodily

injury," the aforementioned damage claims would clearly be categorized as "pain and suffering."

### 3. Case Law Precedent, Including Non–Bankruptcy Cases

#### (a) Broad Definition of "Personal Bodily Injury"

Some courts define "bodily injury" broadly. In *Levy v. Duclaux*, 324 So.2d 1 (La.Ct. App.1975), involving the interpretation of an insurance policy, the court held that a plaintiff who had been grabbed had suffered "bodily injury" even though she experienced only minimal physical abuse accompanying her mental distress. *Id.* at 9. The court stated that "[w]hile such an emotional experience operates primarily on the mind of a victim such suffering cannot be isolated from the body. Some physical effects must flow from the experience even if only confined to increased perspiration or adrenaline in the system." *Id.* Under the *Levy* standard, virtually all mental distress would result in bodily effects. The court stated that, "we are unable to separate a person's nerves and tensions from his body. It is common knowledge that worry and anxiety can and often do have a direct effect on other bodily functions." *Id.* at 10.

The standard applied by the *Levy* court is overly broad, and is of limited use in interpreting "personal bodily injury" as used in the statute. The federal exemption statute was surely not intended to provide an exemption for such minimal physical effects. In order to qualify for the exemption, a Debtor must demonstrate that a cognizable physical injury has been suffered. The legislature did not intend for the physical effects of mental distress to be exempt under the federal statute, nor did it intend to render "bodily injury" and mental distress indistinguishable.

Several bankruptcy courts have held that when Congress' intent is ambiguous, bankruptcy exemptions should be liberally interpreted in favor of the Debtor. In *In re Martinez–Whitford*, 199 B.R. 74, 77 (Bankr. D.Mass.1996), the court held that it is "axiomatic that bankruptcy exemptions should be liberally construed in favor of debtors." Additionally, in *Gaertner v. Claude (In re Claude)*, 206 B.R. 374, 377 (Bankr.W.D.Pa. 1997), the court stated that, "if it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen" (quoting *In re Dealey*, 204 B.R. 17 (Bankr.C.D.Ill.1997)). Therefore, in determining whether sufficient "personal bodily injury" has occurred, the analysis should be conducted in a manner that is advantageous to the Debtor.

Yet, the need to construe exemption statutes in favor of debtors cannot justify the extremely broad definition of "bodily injury" that is taken by the *Levy* court. An injury such as an increase in adrenaline or perspiration does not cause any appreciable harm, and is insufficient to qualify for the exemption. The Debtor must substantiate and demonstrate that some form of cognizable injury has been suffered.

#### (b) Narrow Definition of "Personal Bodily Injury"

Other courts define "bodily injury" narrowly. The court in *In re Marcus*, 172 B.R. 502 (Bankr.D.Conn.1994) provided a narrow definition of "personal bodily injury" within the context of the federal exemption. The *Marcus* court held that the exclusionary phrase "pain and suffering" in § 522(d)(11)(D) limits the exemption to permanent bodily injury. *Id.* at 505; *see also Gregoire*, 210 B.R. at 436. The standard set by the *Marcus* court increases the burden on a debtor. In addition to proving that a "personal bodily injury" has been suffered, a debtor must also demonstrate that the injury has caused permanent harm. *Marcus*, 172 B.R. at 505. *Marcus* is consistent with the legislative history of § 522(d)(11)(D) in that the only example of personal bodily injury provided by the legislative history is the loss of a limb. Although the loss of a limb is clearly a permanent injury, it is unclear that Congress intended that type of injury to be the exclusive basis for a § 522(d)(11)(D) exemption.

If the *Marcus* holding were followed, Ciotta would be barred from claiming any potential damage award from her sexual harassment lawsuit as exempt under § 522(d)(11)(D), since it is unlikely that she would be able to demonstrate the permanence of her bodily injuries without having to try here the case now pending in state court. Ciotta's Complaint acknowledges that "Plaintiff does not know the precise duration of her injuries, but is informed and believes that some of her injuries are reasonably certain to be permanent in character." Ciotta's claim of permanent injury is unsubstantiated. In any event, the overwhelming majority of cases analyzing the federal exemption statute do not require that the "personal bodily injury" suffered be permanent. The better reasoned approach is not to require a permanent bodily injury.

The standard followed by the *Marcus* court is too narrow, and would bar virtually all debtors from claiming an exemption under a "personal bodily injury" statute. This narrow construction places a significant burden upon debtors. Those claiming the exemption would be forced to prove both that they suffered a "personal bodily injury," and that this injury is permanent in nature. By construing the statute so narrowly, the *Marcus* court renders the statute meaningless. Few debtors would meet the *Marcus* court requirements.

### 4. Case Specific Analysis

The court in *In re Harvey*, 141 B.R. 164, 167 (Bankr.E.D.Wis.1992), stated that, "the few cases construing the language of 11 U.S.C. § 522(d)(11)(D) have allowed an exemption for pain and suffering related to the bodily injury but have excluded damages for pain and suffering when there has been no associated physical injury." A bodily injury appears to be a prerequisite for fulfilling the requirements of the federal exemption statute. Whether or not the bodily injury is accompanied by pain and suffering is relatively insignificant. The statute's apparent purpose is to prevent exemptions based solely on pain and suffering, unaccompanied by a bodily injury.

The court in *In re Sidebotham*, 77 B.R. 504, 506 (Bankr.E.D.Pa.1987) stated that, "Section 522(d)(11)(D) does not mandate the exclusion of pain and suffering damages unless pain and suffering encompasses only mental and emotional trauma or unless the Debtor's bodily injury is clearly insufficient to merit compensation ... in itself." Therefore, in determining whether the exemption applies, it is crucial to analyze what is encompassed by "pain and suffering" in the case at hand. This determination is analogous to the inquiry into whether a sufficient bodily injury has been suffered. The federal exemption statute apparently bars claims based solely on mental and emotional trauma.

The Wisconsin exemption statute allows a payment to be claimed as exempt that is a "payment ... resulting from personal bodily injury, including pain or suffering...." WIS. STAT. § 815.18(3)(i)1.c (1985). Though this statute permits exemption for pain and suffering payments, whereas the federal statute does not, the court's analysis in *In re Harvey*, proves useful in interpreting the federal statute. The *Harvey* court explained that "emotional distress was compensable as 'pain and suffering,' and debtor's physical manifestations were 'bodily injury.'" Following this analysis, emotional distress damages alone would be insufficient to qualify for exemption.

The court in *Sidebotham* held that exemption for payments received by the debtor on account of personal bodily injury does not mandate exclusion of pain and suffering damages unless "damages received by debtor are solely for pain and suffering or far out of proportion to actual bodily injuries suffered by debtor." *Sidebotham*, 77 B.R. at 506. The *Sidebotham* court applies a balancing test by looking at the proportion of damages that are classified as pain and suffering versus the severity of the bodily injuries. This approach appears to be more in keeping with the intentions of the legislature, for it bars exemptions based almost entirely on mental distress or "pain and suffering."

Though the *Sidebotham* balancing test may attempt to approximate legislative intent, this standard proves to be too narrow. A balancing test could potentially bar exemp-

tion claims involving an appreciable bodily injury that is accompanied by a significantly larger proportion of "pain and suffering," thereby unduly limiting the extent of the exemption. So long as a debtor can demonstrate that a physical injury has been suffered, an exemption claim should be permitted. The fact that an injury is accompanied by a large amount of pain and suffering should not prevent a debtor from claiming the exemption.

In *Lester v. Storey (In re Lester)*, 141 B.R. 157, 163 (S.D.Ohio 1991), the court indicated that Congress clearly did not intend to provide a useless exemption, and that a debtor should be allowed an exemption merely upon a showing that the debtor has suffered an actual bodily injury. This court agrees that the language of the statute is unclear, and that Congress must have intended to provide a meaningful exemption on account of personal bodily injury.

There is no case law analyzing whether or not sexual harassment constitutes "personal bodily injury." Yet, there are cases determining the scope of state exemption statutes, though the terminology used in these statutes differs from that of the California exemption. In *In re Marshall*, 208 B.R. 690, 692 (Bankr.D.Minn.1997), the court held that "sexual harassment of the debtor at his workplace [ ] did not constitute an injury to the person." The applicable Minnesota statute provides an exemption for "injuries to the person of the debtor ... whether or not resulting in death." Minn.Stat. § 550.37, subd. 22 (1997). The *Marshall* court determined, by analyzing the language of the statute as a whole, that the legislature intended for only actual bodily injury to be exempt. In *Marshall*, the debtor alleged "a host of psychic injuries, including fright and humiliation, as the basis for his exemption." *Marshall*, 208 B.R. at 692. The court held that these "psychic injuries" are not covered by the exemption, for "the original trauma must be to the debtor's body." *Id.* The court stated that "[i]f the legislature had intended

to exempt all injuries to the debtor, it could have done so by eliminating the 'to the person of' language." *Id.* Similarly, had the California legislature intended to provide exemptions for all forms of injury, it would have eliminated the word "bodily" and would not have barred exemptions based on "pain and suffering." [3]

### 5. Application to Allegations

The Complaint asserts that Ciotta has suffered from continuing severe fright, shock, stress, aggravation, embarrassment, humiliation, depression, discomfort, loss of sleep, nervousness, anxiety and severe physical, emotional and mental distress. With the exception of "discomfort" and "physical ... distress," Ciotta's damages seem to encompass only mental and emotional trauma. As the case law demonstrates, damages such as "fright, embarrassment, and nervousness" would clearly be categorized as "pain and suffering," rather than "personal bodily injury."

With regard to her "discomfort" and "physical distress," the Complaint only mentions Bowers' forceful actions, yet fails to cite a resulting bodily injury. In light of the fact that this case has not proceeded to trial, the court is forced to rely upon the language of the Complaint. Yet, the Complaint acknowledges that "the exact nature and extent of said injuries are unknown," thereby failing to elaborate on the types of physical injuries suffered.

 In order to qualify for the "personal bodily injury" exemption, Ciotta must clearly demonstrate that she has suffered an appreciable physical injury. The Debtor must present the court with convincing certification of this injury, such as a doctor's declaration or other medical evidence. It is irrelevant whether or not this injury is accompanied by pain and suffering. The Debtor simply has the burden of demonstrating that a tangible bodily injury has occurred. A claim alleging that a bodily injury has been

**3.** In fact, the legislature did so. California Code Civil Procedure § 704.140 provides for an exemption based upon an award of damages or a settlement arising out of "personal injury." "Personal injury" can include emotional distress.

*See Sylvester v. Hafif (In re Sylvester)*, 220 B.R. 89 (9th Cir. BAP 1998). Of course, this section is inapplicable to Ciotta, who did not select this set of exemptions and who has not received a settlement or award based on the Lawsuit.

suffered, unaccompanied by any convincing proof or documentation, is insufficient and unable to satisfy the requirements of the exemption statute.

## IV. CONCLUSION

Debtors shall have thirty (30) days from the date of this Memorandum to file and serve a declaration of a competent witness attesting to Ciotta's bodily injury. The Trustee may file and serve an objection or request to cross-examine the declarant within ten (10) days of the service of the declaration. A separate order shall issue.