**In re Scott Allen BARNER and Teena Ann Barner, Debtor.**

**Bankruptcy No. 97–34363(2)7.**

United States Bankruptcy Court, W.D. Kentucky, Louisville Division.

June 18, 1999.

Dennis E. Kurtz, Louisville, KY, for debtors.

Cathy Pike, Louisville, KY, trustee.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

The Debtors, Scott and Teena Barner (the "Debtors" or the "Barners"), have claimed an exemption in personal injury proceeds, pursuant to K.R.S. 427.150(2)(c). The matter is presently before the Court on the Trustee's Objection to the claimed exemption. The language of K.R.S. 427.150(2)(c) is extremely ambiguous and has caused a great deal of confusion among the courts throughout the country in their attempts to construe the companion federal statute and companion state statutes, all containing the identical troublesome language. There are few cases in this jurisdiction which address the proper construction to be accorded the statute, none of which entail a thorough analysis sufficient to provide meaningful guidance on exactly what components of a personal injury award or settlement are exempt and what components are not. Accordingly, the Court takes this opportunity to clarify the treatment of personal injury recoveries as set forth in that statute.

The Court has thoroughly read the briefs filed by both parties, as well as the entire record, and has conducted its own in depth research. The Court finds that there is insufficient evidence in the record at this time to enable the Court to make an accurate determination regarding the extent to which the personal injury proceeds at issue are exempt under K.R.S. 427.150(2)(c). Accordingly, an evidentiary hearing will be scheduled by separate Order, at which time the parties will be permitted to present evidence in compliance with the guidelines set forth in this Opinion, as follows.

### FACTS

On October 31, 1996, the Debtors were involved in an automobile accident. Mrs. Barner sustained injuries to her neck and back as a result of that accident, all of which have been described as "soft tissue" injuries. She has reported no permanent injuries as resulting from that accident, nor has she reported that she lost any time from work.

Mr. Barner did not report any injuries resulting from the October 31, 1996 accident. He was, however, involved in a second accident on December 2, 1996, in which he sustained injuries. Mr. Barner's injuries have not at this time been described to the Court, and while he does have a claim resulting from that accident, it is yet to be resolved.

On August 2, 1997, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code, and in their Schedules claim an exemption in the personal injury proceeds for Mrs. Barner arising from the October 31, 1996 accident, and for the personal injury proceeds for Mr. Barner arising from the December 2, 1996 accident. At the time the Debtors filed their bankruptcy action, their claims arising from the accidents were unresolved. Therefore, the amounts of the personal injury proceeds from the two accidents were listed as "unknown."

After the bankruptcy action was filed, the Trustee retained attorney Robert. Lohman to represent the estate in handling Mrs. Barner's personal injury claim. That claim was ultimately settled for $5,969.00. Mr. Lohman has filed an Affidavit with the Court, stating that $1,869.00 of the settlement represents the medical bills to the chiropractor who treated Mrs. Barner following the accident. Mr. Lohman characterizes the remainder of the proceeds as being for "pain and suffering." It appears from the Affidavit that this is most likely Mr. Lohman's personal characterization. The Court has not been presented with any documentary evidence, such as the Release or Settlement Agreement, that would support that characterization. In fact, the Court has no evidence before it at all, except for Mr. Lohman's Affidavit.

The Trustee has filed an Objection to the exemption claimed by the Debtors in

the personal injury proceeds arising from the two automobile accidents. Specifically, with regard to Mrs. Barner's Settlement, the Trustee asserts that it consists of two components—(1) recovery for the chiropractic bills incurred, being an actual pecuniary loss, and (2) pain and suffering— both of which are expressly excluded, she argues, from the K.R.S. 427.150(2)(c) exemption for recoveries for personal bodily injury. The Trustee additionally argues that the exemption is only applicable where the recovery is for *permanent* injuries. For the reasons set forth below, the Court does not agree with the Trustee's interpretation of K.R.S. 427.150(2)(c).

With regard to Mr. Barner's personal injury claim, the Trustee has not at this time asserted any specific objections. That claim, being as yet unresolved, has not resulted in a recovery for specific damages or types of losses.

### LEGAL ANALYSIS

The Court begins its analysis with a review of Kentucky's exemption statute governing recoveries for personal injury claims. Kentucky Revised Statute 427.150(2)(c) reads:

(2) An individual is entitled to exemption of the following property:

\* \* \* \* \* \*

(c) A payment not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;

This statute is identical to its federal counterpart, 11 U.S.C. § 522(d)(1), with one exception—the federal statute places a $15,000.00 cap on the exemption, rather than the $7,500.00 cap imposed by the Kentucky statute. The language of K.R.S. 427.150(2)(c) is additionally identical to its counterpart in numerous other states. The ambiguity of the language utilized therein has caused much confusion and consternation among the courts that have

been faced with its interpretation and application.

Specifically, the purpose of the statute is to create an exemption for compensation received on account of "personal bodily injury," up to a cap of $7,500.00. However, the statute excludes from this exemption compensation for "pain and suffering" and compensation for "actual pecuniary loss." *In re Gilbert*, 213 B.R. 502 (Bankr. E.D.Ky.1997); *In re Ciotta*, 222 B.R. 626 (Bankr.C.D.Cal.1998); *In re Lester*, 141 B.R. 157, 163 (S.D.Ohio 1991). The difficulty arises in determining exactly what this means. The United States District Court sitting in the Southern District of Ohio "hit the nail on the head" in stating, "this Court is left wondering what the legislature intended to be exempt when both pain and suffering and actual pecuniary loss are excluded from the exemption." *In re Lester*, 141 B.R. at 163. Numerous Courts have voiced the same concern:

If read literally, it could be reasonably concluded from the plain language of the statute that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left ... [T]his could not have been the intention of Congress.

*Lester*, 141 B.R. at 163; *Matter of Lynn*, 13 B.R. 361 (Bankr.W.D.Wis.1981); *In re Territo*, 36 B.R. 667, 670 (Bankr.E.D.N.Y. 1984); *In re Sidebotham*, 77 B.R. 504, 505 (Bankr.E.D.Pa.1987). It is the consensus of the courts that Congress surely did not intend to create a useless exemption. *Lester*, 141 B.R. at 163; *Lynn*, 13 B.R. at 361; *Sidebotham*, 77 B.R. at 505. Moreover, the difficulty in ascertaining what aspects of a personal injury recovery are exempt and what aspects are not is further exacerbated where the debtor receives a lump sum award or general jury verdict which fails to designate or divide any of the award into its various component parts; such as, lost wages, pain and suffering, medical bills, etc. *Lester*, 141 B.R. at 161.

In attempting to glean the intended interpretation to be rendered the troublesome language, the courts have turned unsuccessfully to the legislative history. *See Sidebotham*, 77 B.R. at 505; *Lynn*, 13 B.R. at 362; *Ciotta*, 222 B.R. at 629–30; *In Re Marcus*, 172 B.R. 502, 504–05 (Bankr.D.Conn.1994). The Notes of the Committee on the Judiciary regarding § 522(d)(11)(D), the Federal counterpart to K.R.S. 427.150(2)(c), states the provision:

> is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payment, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R.REP. No. 95–595, 95 Cong., 1st Sess. 361–362 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5693, 6318.

Despite this legislative history, the courts have, for the most part, still concluded that Congress's intent is ambiguous. *Ciotta*, 222 B.R. at 630 ("The legislative history of the federal exemption statute is sparse and largely unhelpful in interpreting the exemption."); *Territo*, 36 B.R. at 671; *Lynn*, 13 B.R. at 362; *Sidebotham*, 77 B.R. at 505–06. In finding that the legislative history is of no avail, a variety of bankruptcy courts have gone so far as to state that the "legislative history cannot be taken seriously," as it "excludes all of the types of losses that generally make up a personal injury award." *Lynn*, 13 B.R. at 362; *Ciotta*, 222 B.R. at 630; *Sidebotham*, 77 B.R. at 506. This has led these Courts to conclude, and this Court agrees, that the legislative history behind that exemption statute simply fails to provide any enlightenment with regard to the statute's proper interpretation. *Lynn*, 13 B.R. at 362; *Ciotta*, 222 B.R. at 630; *Sidebotham*, 77 B.R. at 506. The *Lynn* Court even states that the legislative history "has no meaning. That cannot have been Congress's intent." 13

B.R. at 362; *Accord Ciotta*, 222 B.R. at 630 (quoting *Lynn*, 13 B.R. at 362); *Sidebotham*, 77 B.R. at 506 (quoting *Lynn*, 13 B.R. at 362).

In analyzing the treatment of personal injury recoveries required by the exemption statute, the Court finds it useful at this juncture to set forth the various possible components of such an award or recovery. A personal injury award or settlement may include payments for the following losses: pain and suffering, bodily injury, loss of a body part, disfigurement, past medical expenses, future medical expenses, past loss of wages, future loss of wages, and loss of consortium. *Gilbert*, 213 B.R. at 503; *In re Blizard*, 81 B.R. 431, 432 (Bankr.W.D.Ky.1988); *Lynn*, 13 B.R. at 362. This list does not purport to be conclusive, but sets forth the recovery components of which personal injury awards and settlements generally consist.

 It is the consensus among the overwhelming majority of the courts having faced this issue that compensation designated purely for "personal bodily injury" is exempt "so long as the money is specifically not intended as compensation for pain and suffering or actual pecuniary loss." *Lester*, 141 B.R. at 164; *Ciotta*, 222 B.R. at 629–33; *Territo*, 36 B.R. at 669–71; *Lynn*, 13 B.R. at 362–63; *Gilbert*, 213 B.R. at 503–04; *Blizard*, 81 B.R. at 431–32. Thus, a debtor may qualify for the exemption if the debtor demonstrates that an actual, cognizable physical injury has been suffered, and "that the actual injury is substantial enough to reasonably account for the value of the claimed exemption." *Lester*, 141 B.R. at 163–64; *Ciotta*, 222 B.R. at 630. Damages for loss of a limb, physical disability, bone fractures and dislocations, and loss of consortium have all qualified for exempt status under this Statute. *Lester*, 141 B.R. at 157; *Territo*, 36 B.R. at 669–70; *Blizard*, 81 B.R. at 431; *Lynn*, 13 B.R. at 361. However, this list is not exclusive. *Any* actual physical injury

to the person of the debtor qualifies under the language of this statute.

■ Once the Debtor has made such a demonstration the burden of proof then shifts to the objecting party, the Trustee, to present evidence and to prove by a preponderance of the evidence that the payment falls into one of the two categories (actual pecuniary loss or pain and suffering) excluded from the exemption. *Lester,* 141 B.R. at 164; *Ciotta,* 222 B.R. at 629; *Blizard,* 81 B.R. at 431–32. Federal Rule of Bankruptcy Procedure 4003(c) provides that "[t]he objecting party has the burden of proving that the exemptions are not properly claimed." *Blizard,* 81 B.R. at 432; *Lester,* 141 B.R. at 162; *Gilbert,* 213 B.R. at 503.

■ As stated above, K.R.S. 427.150(2)(c) excludes from the exemption payments for actual pecuniary losses and for pain and suffering. "Actual pecuniary losses" includes lost past wages, medical bills, hospital bills, pharmaceutical bills, and other expenses of a monetary nature that have been incurred by the debtor. This makes sense, as the persons and entities to whom these bills and expenses are owed are generally creditors of the estate. They and the other general creditors are ultimately the ones entitled to receive payment from the estate, which will include those types of funds.

With regard to loss of past wages, the Court notes that if the wages had been *earned,* prebankruptcy through the debtor's employment, they would clearly constitute property of the debtor's bankruptcy estate under § 541 of the Bankruptcy Code. So, again, there is a logical reason for excluding payments of this nature from exempt status.

As for payments for loss of *future* wages, a separate exemption is created under sub-paragraph (d) of K.R.S. 427.150(2).

■ The ambiguity and construction problems attendant in the language of K.R.S. 427.150(2)(c) seem to focus on the exclusion of "pain and suffering" from the exemption. "Pain and suffering is defined as 'not only physical discomfort and distress but also mental and emotional trauma.'" *Territo,* 36 B.R. at 670 (*quoting* Black's Law Dictionary, 5th ed.); *Ciotta,* 222 B.R. at 630, 632–33; *Sidebotham,* 77 B.R. at 505–06. Thus, pain and suffering consists of mental/emotional components, as well as physical components. At least four courts have concluded that "Congress intended only mental and emotional trauma to fall under the heading of pain and suffering. There appears to be no other logical explanation for separating out bodily injury from other forms of pain and suffering." *Territo,* 36 B.R. at 670; *Ciotta,* 222 B.R. at 630; *See Sidebotham,* 77 B.R. at 506; *See Lynn,* 13 B.R. at 361. These courts have concluded that the mental/emotional components of pain and suffering are excluded from the exemption; however, the *physical manifestations,* such as physical discomfort and physical distress, should *not* be excluded from the exemption. *Territo,* 36 B.R. at 670; *Ciotta,* 222 B.R. at 630; *See Sidebotham,* 77 B.R. at 506; *See Lynn,* 13 B.R. at 361; *But See In re Marcus,* 172 B.R. 502 (Bankr.D.Conn.1994) (holding that both the mental and physical components of pain and suffering are excluded from the exemption).

■ This Court finds the construction rendered by this line of cases to be the more reasonable approach, and the most consistent with the purpose of providing a meaningful exclusion. Accordingly, the Court adopts this interpretation of K.R.S. 427.150(2)(c)'s exclusion of "pain and suffering" from the exemption created for personal injury recoveries. Consequently, under this interpretation, only emotional or mental symptoms experienced by the debtor such as fright, shock, stress, aggravation, embarrassment, humiliation, depression, emotional discomfort, loss of sleep, nervousness, anxiety, and emotional and mental distress will be excluded from

the K.R.S. 427.150(2)(c) exemption. Any *physical* manifestation, however, will be deemed exempt.

■ Finally, the Trustee argues that only a debtor's monetary recovery for *permanent* injuries fall within the exemption created by K.R.S. 427.150(2)(c). Although the only example of a personal bodily injury provided by the legislative history is the loss of a limb, a permanent injury, it is purely what it purports to be—an *example!* It does not purport to be an exclusive list of injuries to be included.

The Court has carefully reviewed the language of K.R.S. 427.150(2)(c), and finds that it simply does not require a "permanent" injury. The statute creates an exemption for payments made "on account of personal bodily injury ..." The word "permanent" does not appear anywhere in the language of that statute. In adopting this interpretation, this Court follows suit with the overwhelming majority of cases that have analyzed the identical language contained in the federal statute and companion State statutes. *Ciotta,* 222 B.R. at 631–32; *Gilbert,* 213 B.R. at 504; *See Sidebotham,* 77 B.R. at 504; *Lester,* 141 B.R. at 157; *Blizard,* 81 B.R. at 431.

### *APPLICATION TO CASE AT BAR*

In this case, Mrs. Barner has received personal injury proceeds in the amount of $5,969.00 in settlement of her claim(s) arising from the October 31, 1996 automobile accident. She has claimed an exemption for those proceeds, and the Trustee has objected. No evidence has yet been presented to the Court with regard to the proper breakdown of this recovery into particular categories of losses and damages, except for the Affidavit of attorney Robert Lohman. While it appears that some portion of the recovery may be for the medical bills incurred by Mrs. Barner, there is no documentary evidence before the Court at this time with regard to the bills and the amount of the recovery intended as compensation for that purpose.

Additionally, Mr. Lohman has characterized the full recovery minus the medical bills as being for "pain and suffering." No documentary evidence, such as the Release or the Settlement Agreement, has been presented to the Court to support such a characterization. Without such supporting documentary evidence, it appears that the "pain and suffering" characterization may only be Mr. Lohman's personal opinion.

■ To sustain her Objection, the Trustee bears the burden of establishing by a preponderance of the evidence her characterization of Mrs. Barner's recovery—as being solely for (1) actual pecuniary loss and (2) pain and suffering. Failing to do this, the recovery will be deemed exempt, as long as the evidence supports a finding that Mrs. Barner sustained an actual, cognizable injury of a degree of severity sufficient to account for the recovery obtained.

■ In the event the Trustee is able to sufficiently establish that some portion of the recovery is for pain and suffering, she additionally bears the burden of demonstrating that it represents compensation for the mental/emotional components of pain and suffering. As held above, only recoveries for the mental/emotional aspects of pain and suffering are excluded from the exemption. Any recovery Mrs. Barner received for physical manifestations of pain and suffering, such as physical discomfort or physical distress, is exempt pursuant to the above interpretation of K.R.S. 427.150(2)(c) rendered by this Court.

### *CONCLUSION*

For the above-stated reasons, this matter as it relates to Mrs. Barner's claimed exemption under K.R.S. 427.150(2)(c) will be set down for hearing, at which time the parties will be permitted to present evidence in compliance with the guidelines set forth in this Opinion.

With regard to Mr. Barner's personal injury claim arising from the December 2,

1996 automobile accident, as that claim has not at the present time been resolved, the Trustee's Objection will be held in abeyance. The Trustee may renew her Objection at such time as the personal injury claim is resolved. Additionally, the Debtor's bankruptcy action will be ordered to remain open until such resolution of Mr. Barner's claim occurs.

It is quite apparent that the Court has labored at great length in an effort to find some meaning to the statute. It is equally apparent that Congress and the respective State Legislatures should more clearly articulate the nature and amount of exemption they really intended to confer on debtors.