**In re Simon CRAMER, Debtor.**

**Bankruptcy No. 88–20808T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 8, 1991.

Barry A. Solodky, Blakinger, Byler & Thomas, Lancaster, Pa., for debtor.

James R. Leonard, Jr., Lancaster, Pa., for Flame–Rite Equipment, Inc.

Nancy Winther, West Chester, Pa., Chapter 7 Trustee.

OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

This case presents the question of whether debtor may exempt under 11 U.S.C. § 522(d)(11)(E) the balance of approximately $25,000.00 [1] remaining from a state court personal injury award after payment of a contingency fee to the attorney who represented him in the personal injury lawsuit and after deduction of his exemption of $11,650.00 under 11 U.S.C. §§ 522(d)(5) and (d)(11)(D).[2] Because we find that neither the chapter 7 trustee nor Flame–Rite Equipment, Inc. ("Flame–Rite") have met their burden of proof under B.R. 4003(c),[3]

---

**1.** The parties have not identified the exact amount of money which debtor is attempting to exempt under § 522(d)(11)(E). Rather, they have only advised us that it approximates $25,000.00. Our calculation revealed that the sum is closer to $20,370.32, as follows: $58,106.47 (total amount of verdict) − $26,086.15 (attorney's contingent fee) = $32,020.32 − $11,650.00 (*debtor's exemptions under §§ 522(d)(5) and (d)(11)(D)* = $20,370.32).

**2.** Neither the chapter 7 trustee nor Flame–Rite Equipment, Inc. ("Flame–Rite") object to debtor's claims of exemption under §§ 522(d)(5) and (d)(11)(D).

**3.** Flame–Rite acknowledges that it bears the burden of proof under B.R. 4003(c) even though technically it is opposing a motion to avoid lien and it has not formally filed an objection to exemption.

we deny the trustee's objection to debtor's claim of exemption under § 522(d)(11)(E) and we grant debtor's motion under 11 U.S.C. § 522(f)(1) to avoid the judicial lien held by Flame–Rite, since Flame–Rite's lien impairs the exemptions to which debtor is entitled under § 522(d)(5), (d)(11)(D) and (d)(11)(E). We now turn to the specific facts of this case.

Prior to his bankruptcy filing, debtor obtained a state court jury award for damages he sustained in an automobile accident. The total amount of the award, after the reduction by 10% to accommodate the jury's finding that debtor was 10% contributorily negligent and the addition of delay damages, was $58,106.47.[4] The verdict slip completed by the jury contained two categories of damages, namely, all damages excluding lost earnings and damages representing only lost earnings. The verdict slip did not, however, specify which portion of the lost earnings damage award was attributable to loss of past earnings and which portion was attributable to loss of future earnings. The attorney who represented debtor in the personal injury action received $26,086.15 from the award pursuant to a contingent fee agreement.

Thereafter, debtor filed this chapter 7 petition and claimed the balance of the personal injury award remaining after payment of the attorney's contingent fee as exempt under 11 U.S.C. §§ 522(d)(5), (d)(11)(D) and (d)(11)(E). Specifically, debtor claimed $11,650.00 as exempt under §§ 522(d)(5) and (d)(11)(D) and the remainder as exempt under § 522(d)(11)(E). The chapter 7 trustee filed an objection to debtor's claim of exemption under § 522(d)(11)(E). Debtor then filed a motion under 11 U.S.C. § 522(f)(1) to avoid the judicial lien held by Flame–Rite, arguing that the lien impairs his exemptions under §§ 522(d)(5) and (d)(11)(D) and (E). Flame–Rite contests this motion, maintaining that debtor is not entitled to exempt the entire balance of the personal injury award under § 522(d)(11)(E). Hence, the trustee's objection to debtor's claim of an exemption un-

der § 522(d)(11)(E) and debtor's motion under § 522(f)(1) to avoid Flame–Rite's judicial lien are intertwined since their resolution both depend upon whether debtor has properly claimed an exemption under § 522(d)(11)(E).

■ B.R. 4003(c) places the burden of proving that an exemption has been improperly claimed on the party objecting to the exemption. Additionally, exemption statutes are to be liberally construed in favor of the debtor. *In re Fisher*, 63 B.R. 649 (Bankr.W.D.Ky.1986).

11 U.S.C. § 522(d)(11)(E) states:

*§ 522 Exemptions.*

\* \* \* \* \* \*

(d). The following property may be exempted under subsection (b)(1) of this section:

\* \* \* \* \* \*

(11) The debtor's right to receive, or property that is traceable to—

\* \* \* \* \* \*

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

The first issue which must be resolved is whether the entire fund which debtor seeks to exempt under § 522(d)(11)(E) can properly be categorized as representing compensation for loss of future earnings or whether a portion of the fund must be categorized as compensation for loss of past earnings. Complicating the resolution of this issue is the fact that the jury's verdict slip did not distinguish between loss of future earnings and loss of past earnings, but only designated an amount for loss of earnings in general.

Flame–Rite argues that $20,000.00 of the $55,500.00 amount awarded by the jury for

**4.** The trial judge may have made other adjustments to the verdict, but due to the poor quality of the copy of the verdict slip and order entered

by the trial judge, attached as exhibits to pleadings filed in this court, it is impossible for us to tell.

loss of earnings [5] must be attributed to loss of past earnings since debtor's vocational expert testified during the state court trial that debtor suffered a loss of past earnings in the amount of $20,000.00. However, Flame–Rite overlooks and fails to make mention of the equally prominent fact that debtor's vocational expert also testified during the state court trial that debtor incurred a loss of future earnings in the amount of $370,800.00. Hence, while it is impossible to determine exactly how the jury arrived at their award for loss of earnings and what portions they attributed to loss of past and future earnings, it is obvious that the jury did not give carte blanche approval to the testimony of debtor's vocational expert regarding the amount of debtor's loss of earnings and that the jury did not totally rely upon his opinion when they calculated the amount of debtor's loss of earnings. Had they done so, they would have awarded debtor damages for loss of earnings in the total amount of $390,800.00, rather than $55,-500.00. Accordingly, it would be illogical and erroneous for us to blindly conclude, based on the excerpt of the vocational expert's testimony made part of our record, that $20,000.00 of the jury's $55,500.00 award for loss of earnings must be designated as loss of past earnings, when the vocational expert in fact testified that a far greater percentage of debtor's total lost earnings is composed of lost future earnings rather than lost past earnings. In fact, we calculated this percentage and arrived at the following conclusions: 94.88% of the vocational expert's estimate of debtor's total lost earnings ($390,800.00) represented lost future earnings ($370,800.00) and only 5.12% represented lost past earnings ($20,000.00). Even if we were to as-

sume that 5.12% of the jury's total award for lost earnings (which amounts to $2,841.60) was intended to compensate debtor for lost past earnings, we believe that this $2,841.60 should be deemed to have been exempted by debtor under § 522(d)(5). Hence, the balance of the award would be properly exemptible under §§ 522(d)(11)(D) and (d)(11)(E). However, after reviewing the record, we conclude that Flame–Rite has not met its burden of proving that the entire balance of the jury award claimed as exempt by debtor under § 522(d)(11)(E) represents anything other than loss of future earnings.[6] *See, Matter of Harris*, 50 B.R. 157 (Bankr.E.D.Wis. 1985); *In re Miller*, 36 B.R. 420 (Bankr. D.N.M.1984). Flame–Rite's argument to the contrary is purely speculative, and as we stated in *In re Magnus*, 84 B.R. 976, 979 (Bankr.E.D.Pa.1988), "... the fact that we have been reduced to speculation necessarily mandates the conclusion that the [objector] has not met his burden."

■ We now turn to the final issue, which is whether the entire amount claimed as exempt under § 522(d)(11)(E) is reasonably necessary for debtor's support.[7] Given the facts of this case, we have no trouble concluding that it is.

Prior to the accident, debtor was employed as an automobile mechanic. As a result of the accident, debtor has two herniated discs and is unable to work. Adding to his difficulties, debtor had his right leg amputated due to complications he suffered from diabetes. Debtor's doctor advised him that his diabetes may have been triggered by the accident. Debtor receives $549.00 per month in social security disability benefits. This is debtor's only source of

**5.** This $55,500.00 figure was then reduced by the state court judge to accommodate the jury's finding that debtor was 10% contributorily negligent. It also appears that other adjustments may have been made, but it is impossible for us to determine their exact nature due to the poor quality of the copy of the verdict slip and order entered by the trial judge attached as exhibits to various pleadings filed in this court.

**6.** The trustee does not take issue with debtor's argument that the entire portion of the award claimed as exempt under § 522(d)(11)(E) is in

the nature of lost future earnings. Rather, the trustee argues only that the amount exempted by debtor under § 522(d)(11)(E) is not reasonably necessary for debtor's support. *See,* discussion, *infra.*

**7.** Only the trustee raises this issue. Flame–Rite does not argue that any portion of the amount debtor claims as exempt under § 522(d)(11)(E) can be attacked as being not reasonably necessary for debtor's support.

income. Debtor resides with his mother in an apartment for which they pay a monthly rental of $495.00.[8] Debtor's other monthly bills approximate $160.00, as follows: utilities—$80.00 and prescriptions—$80.00.[9] Additionally, debtor has encountered problems with the fittings of his artificial legs, and as a result, he has been fitted with seven different artificial legs to date. Each leg has cost debtor approximately $800.00 to $1,200.00 in out of pocket expenses. The remainder has been paid from medicare contributions.

Given the facts described above and our belief that due to debtor's poor health and physical condition he is unable to work, we find that the trustee failed to meet her burden of proving that the amount exempted by debtor under § 522(d)(11)(E) is not reasonably necessary for debtor's support. *See*, B.R. 4003(c). Accordingly, we shall enter an order denying the trustee's objection to debtor's exemption under § 522(d)(11)(E) and granting debtor's motion under § 522(f)(1) to avoid Flame–Rite's judicial lien.

8. Debtor testified that his mother pays a portion of the monthly rental bill from her social security income. No evidence was introduced, however, to establish the amount of the monthly rental bill paid by debtor's mother each month.

9. No evidence was introduced to establish the amount of debtor's other essential monthly bills, such as food, clothing and transportation.