### In re Larry RUSSELL.

### Bankruptcy No. 91–50587S.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 15, 1992.

J.W. Green, Stuttgart, AR.

James W. Stanley, Little Rock, AR, for debtor.

Claude Jenkins, DeWitt, AR.

Walter M. Dickinson, Trustee, Little Rock, AR.

Eric Mejia, DeWitt, AR, for Planters and Merchants Bank of Gillett.

Frederick S. Wetzel, III, Little Rock, AR, for trustee.

---

## ORDER SUSTAINING IN PART OBJECTIONS TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several objections to the claim of exemptions made by the debtor. This bankruptcy case was initially filed under Chapter 13. In the schedules appended to the petition, the debtor claimed the following exemptions:

| Description of Property | Law Providing Exemption | Value of Exemption | Market Value Property |
|---|---|---|---|
| Tort Claim (bodily injury) | 11 U.S.C. § 522(d)(11)(D) | $7500 | $48,000 (est.) |
| Tort Claim (bodily injury) | 11 U.S.C. § 522(d)(11)(E) | $41,500.00 | $48,000 (est.) |

The exemptions relate to a single personal injury award in compensation for a single injurious event.

Based upon this claim of exemption, the Planters and Merchants Bank of Gillett, the Chapter 13 trustee, and Claude Jenkins, the debtor's state-court personal injury attorney, each filed objections to the exemptions or to confirmation. Hearing was held on May 19, 1992, during which the Court sustained the objections and gave the debtor ten days in which to convert the case to a case under Chapter 7 or be dismissed. On June 10, 1992, the debtor filed a motion to convert the case to a proceeding under Chapter 7.

Despite the fact that the objections were sustained, the debtor took no action to amend his schedules to elect a proper exemption regarding his personal injury settlement. Indeed, despite the prior Order entered by the Court, the debtor continued to assert he is entitled to both of the exemptions.[1] As a result, objections were again filed with respect to the claim of exemptions by the Planters & Merchants Bank of Gillett, the trustee, and Claude Jenkins & J.W. Green.[2]

The objectors first argue that the prior Order precludes the debtor from claiming the exemptions under the doctrine of *res judicata.* Alternatively, the objectors argue that the debtor is not entitled to claim the entire amount of the personal injury settlement: the debtor is limited, under the statute, to $7,500 *or* the amount reasonably necessary for the support of the debtor. 11 U.S.C. § 522(d)(11)(D), (E). The objectors argue that the debtor may not claim both subparagraphs to protect the single personal injury recovery.

■ The doctrine of the law of the case is applicable with respect to this issue. *See generally General Electric Capital Corporation v. Hoerner (In re Grand Valley Sport & Marine, Inc.),* 143 B.R. 840, 853–855 (Bankr.W.D.Mich.1992) (general principals and limitations of the doctrine). This Court has already sustained the same objections to the same exemptions made by this debtor in this bankruptcy case. The debtor is bound by the prior, unappealed Order of this Court. The debtor has urged no circumstances or applicable rule under which this matter should be reheard. He argues instead that he did in fact make an election: the debtor intends the election under section 522(d)(11)(D). The Court finds this incomprehensible inasmuch as the debtor also continues to claim an exemption under section 522(d)(11)(E) and placed evidence in the record regarding that election.

1. The debtor did not appeal the Order sustaining the objections.

2. Jenkins and Green also assert that they have an attorneys' lien on the proceeds and request payment on that interest. While they have filed a claim with the Court, there is no objection to the claim; a request for payment on the lien is not properly before the Court.

On January 28, 1988, the debtor was involved in an accident in which he suffered personal injury. He sued and a jury awarded him approximately $40,000 in damages. The verdict was general and made no differentiation among the damage elements, of which there was proof at trial, including lost wages, compensation for injury, pain and suffering, and expenses.

■ The Bankruptcy Code permits a debtor to exempt portions of personal injury settlement or judgments from property of the estate:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> \*       \*       \*       \*       \*       \*
>
> (11) The debtor's right to receive, or property that is traceable to— \* \* \*
>
> (D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or
>
> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

11 U.S.C. § 522(d)(11)(D), (E). This Court holds, as it held on May 19, 1992, that the debtor may not make two separate exemptions with respect to a particular personal injury judgment or settlement; the debtor must elect one exemption with regard to that personal injury award.

■ It is unclear, given the obstreperous argument of the debtor, however, which exemption is elected. While the debtor stated in Court that he elects the exemption under paragraph (11)(D), he has refused to amend the schedules to reflect that change and continues to argue that he is entitled to the exemption under paragraph (11)(E). Since the debtor refused to make a coherent election and since all parties submitted proof on the exemptions, the Court will make the decision based upon the proof submitted.[3]

■ There is sufficient proof before the Court to sustain an election under paragraph (11)(D). Since the judgment was general, it cannot be determined whether the award was for wages, bodily injury, or pain and suffering.[4] While the judgment does not differentiate among the forms of damages, the award for personal injury was far below that requested by the debtor in the state court action, rendering it unlikely that the entire award was for pain and suffering. There was no proof of the precise nature of the recovery. Accordingly, there is no proof that the judgment was only for pain and suffering, the form of personal injury that may not be exempted under paragraph (11)(D). In the absence of such proof, the debtor is entitled to the exemption. *See Ford Motor Credit Company v. Territo (In re Territo)*, 32 B.R. 377 (Bankr.E.D.N.Y.1983).

The Court finds that the objectors met their burden of proof regarding paragraph (11)(E) which provides for exemption of compensation for loss of future earnings. In this instance, the objectors provided proof supporting a conclusion that the debtor is capable of working. More importantly, the objectors demonstrated that evidence was before the jury in the state court action that the debtor was capable of work-

---

**3.** As a general rule, it is the debtor's obligation to make his elections regarding the exemptions. It is not the Court's duty to make such an initial decision for the debtor.

**4.** The objectors bear the burden of proof in this contested matter. Fed.R.Bankr.Proc. 4003(c). There is a tinge of unfairness under this burden in this kind of case for two reasons. First, only the debtor had voice regarding the form of verdict to be rendered in the state court proceeding. Fairness would indicate that the debtor bear the burden of demonstrating what elements of damages were actually awarded. Sec-

ondly, when an award is general, the primary proof of what the jury intended is locked and cannot be opened by any party or this Court. The primary manner in which objectors can prove what the award is intended to compensate is to delve into the state court record and prove what information was before the jury. This is a rather onerous burden to parties who were not present during the jury trial. In this instance, the objectors put on sufficient proof from which the Court can make inferences and findings of the nature of the award.

ing. Indeed, the debtor's own physician testified in the state court action that the debtor had only a four percent disability. Accordingly, the Court finds that the award issued by the jury was not in compensation of loss of future earnings.

In addition, the objectors presented proof regarding the expenses "reasonably necessary for the support of the debtor." The debtor's schedules indicate that he receives social security and veteran's benefits in excess of the listed expenses. The debtor claims that he now has additional medical expenses such that his expenses exceed his benefit income. Those expenses were not sufficiently stated for the Court to find that his expenses in fact exceed his income. Further, the debtor failed to explain why, particularly in view of the objections pending, he did not amend his schedules to reflect his higher expenses. The proof indicated that the debtor's physician found only a four percent disability, supporting a conclusion that the debtor is capable of working. Finally, the Court does not find the debtor to be particularly credible and discounts his testimony regarding his mode of living. Accordingly, this Court finds that the objections to an exemption under paragraph (11)(E) should be sustained.

ORDERED as follows:

1. The Objection to Property Claimed Exempt by the Debtor, filed on August 28, 1992, by the Planters and Merchants Bank of Gillett, is SUSTAINED in part and OVERRULED in part. The debtor is entitled to an exemption under section 522(d)(11)(D) to the extent of $7,500.

2. The Trustee's Objection to Exemptions, filed on September 3, 1992, is SUSTAINED.

3. The Objection filed by Claude Jenkins and J.W. Green on September 18, 1992, is SUSTAINED in part and OVERRULED in part. The debtor is entitled to an exemption under section 522(d)(11)(D) to the extent of $7,500.

IT IS SO ORDERED.