In re Alfred and Sharon WHITSON,
Debtors.

No. 4:02–BK–20854M.

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Jan. 19, 2005.

James O. Wyre, II, Bankruptcy Professional Center, Conway, AR, for Debtors.

Richard L. Ramsay, Lead Attorney, Eichenbaum Law Firm, Little Rock, AR, pro se.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On September 24, 2002, Alfred Eugene Whitson and Sharon Whitson ("Debtors") filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. Richard L. Ramsay, Esquire, was the duly appointed Chapter 7 Trustee in the case.

Among the assets scheduled was a personal injury lawsuit pending in state court. Both Debtors were plaintiffs although the cause of action arose out of an automobile accident involving Mrs. Whitson. Mr. Whitson's claim was for loss of consortium. The Debtors claimed 100% of the unliquidated proceeds of the pending lawsuit as exempt pursuant to 11 U.S.C. § 522(d)(11)(D) and 11 U.S.C. § 522(d)(5) and valued the amount of the exemption as "unknown." (Bankruptcy Petition, Schedule C, Sept. 24, 2002.) On November 26, 2002, the Trustee filed an objection to the claim of exemption for 100% of the personal injury claim and on January 16, 2003, an order was entered sustaining the objection by agreement.

The Debtors filed an amended exemption on January 29, 2003, valuing the claim at the sum of $100,000.00 and claiming 100% of that sum as exempt pursuant to 11 U.S.C. § 522(d)(5)[1] and 11 U.S.C. § 522(d)(11)(E).[2] On February 26, 2003, the Trustee filed an objection to the amended exemptions, and on April 15, 2003, the objection to the amended exemptions was withdrawn by agreement without prejudice. The Trustee preserved his right to object to the claim of the exemption by order entered April 15, 2003, once the exact amount of the recovery was determined.

The personal injury lawsuit was settled in the latter part of 2003. The settlement with two different insurance companies totaled $130,000.00. The Court approved a

1. This section of the Code provides that the following property may be exempt: "The debtor's aggregate interest in any property, not to exceed in value $925 plus up to $8725 [amount of exemption permitted in 2002 when petition was filed] of any unused amount of the exemption provided under paragraph (1) of this subsection." 11 U.S.C. § 522(d)(5)(2000).

2. This section of the Code provides that the following property may be exempt: the debtor's right to receive "a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(11)(E).

contingent fee award to Danny Rasmussen, attorney for the Trustee, of $50,000.00 plus expenses of $563.61. The balance of the award totaling $79,503.99 was retained by the Trustee. On August 5, 2004, the Trustee objected to the Debtors' claim of exemption to the entire balance of the proceeds of the lawsuit, and trial was held in Little Rock, Arkansas, on August 6, 2004, and on November 19, 2004, and the matter was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and the Court has jurisdiction to enter a final judgment in the case.

The personal injury complaint filed in the Circuit Court of Faulkner County alleged that the Debtor, Sharon Whitson, suffered or will suffer personal injuries; medical bills, past and future; pain and suffering, past and future; loss of earnings, past and future; and loss of enjoyment of life. The complaint alleged that the Debtor, Alfred Whitson, suffered a loss of consortium. Since the state court action was settled prior to trial, there was no evidence offered at the state trial in support of the allegations of various damages suffered by both Debtors.

## ARGUMENT

As stated above, section 522(d)(11)(E) of the Bankruptcy Code permits a debtor to exempt payment in compensation of loss of future earnings of the debtor to the extent reasonably necessary for the support of the debtor and the debtor's dependents. The Trustee objects to the claimed exemption of the settlement proceeds under 11 U.S.C. § 522(d)(11)(E) because he contends the proceeds include compensation for claims outside of future earnings and are, therefore, non-exemptible under 11 U.S.C. § 522(d)(11)(E).

The Trustee argues that, based on the record at trial on the objection, this Court should determine which portion of the award could be fairly attributable to Mrs. Whitson's loss of future earnings that are reasonably necessary for the support of the Debtors as allowed by 11 U.S.C. § 522(d)(11)(E). He asks the Court to sustain his objection to the portion of the award which was attributable to damages for personal injuries, past and present medical bills, pain and suffering, loss of enjoyment of life, and Mr. Whitson's loss of consortium. Expanding on this point in his post-trial brief, the Trustee stated, "Again there is sufficient and unrebutted proof to show that *part* [emphasis added] of the proceeds received in the settlement was not for loss of future earnings." (Trustee's Post–Trial Brief at 7.) The Trustee implies that the entire exemption claim is tainted because part of the settlement is probably not compensation for loss of future earnings.

Another argument asserted by the Trustee is that even if the award may be attributed to loss of future earnings, the Debtors do not need the entire settlement proceeds for their support as required by the statute.

If the exemption is partially disallowed, the Trustee points out that the estate will be solvent. Therefore, the amount of the claimed exemption under 11 U.S.C. § 522(d)(11)(E) should be that amount remaining after payment of all claims and expenses of administration, which is estimated at $40,000.00. This argument, however, misses the point completely because the Debtors are already entitled to the surplus after the case is administered, pursuant to 11 U.S.C. § 726(a)(6). The Trustee's suggested method of calculating the Debtors' exemptible portion of the settlement would deny the Debtors any exemption at all.

Alternatively, the Trustee argues that the Court should disallow the exemption, at a minimum, in the amount equal to the costs of administration, which he estimates to be approximately $5000.00. This sum would pay the Trustee's attorney's fees for services performed by the Trustee prior to the Debtors' amendment of exemption claim to include the entire sum in question as an exemption. (Tr. at 28, Hearing on Objection to Exemption, August 6, 2004.)

## DISCUSSION

■ Pursuant to Federal Rule of Bankruptcy Procedure 4003(c), the objecting party has the burden of proving an exemption is not properly claimed. The prima facie presumption is that a claimed exemption is correct, and if the objecting party fails to carry the burden of proving by a preponderance of the evidence that the exemption should be disallowed, the exemption will stand. *In re Scotti,* 245 B.R. 17, 20 (Bankr.D.N.J.2000)(quoting *In re Dunn,* 215 B.R. 121, 130 (Bankr. E.D.Mich.1997) (quoting *In re Mann,* 201 B.R. 910, 915 (Bankr.E.D.Mich.1996))).

■ When called upon to allocate an award or settlement to exemptible and non-exemptible damages, courts should not resort to speculation. One bankruptcy court has stated, " '[t]he fact that we have been reduced to speculation necessarily mandates the conclusion that the [objector] has not met his burden.' " *In re Cramer,* 130 B.R. 193, 195 (Bankr.E.D.Pa.1991) (quoting *In re Magnus,* 84 B.R. 976, 979 (Bankr.E.D.Pa.1988)).

■ The Trustee introduced evidence at the hearing on August 6, 2004, in this Court that prior to the accident Mrs. Whitson worked for Waffle House restaurant for about 20 years. Her attorney wrote a letter to Allstate Insurance Company on November 16, 2001, regarding the accident that occurred on July 15, 2000. (Tr. at 14,

Hearing on Objection to Exemption, August 6, 2004.) In the letter, the attorney represented to the insurance company that she had been diagnosed with fibromyalgia and was unable to work. Her lost wages at that time totaled $54,000.00 and her medical bills totaled $26,600.00. He stated further that Mrs. Whitson would not be able to return to her previous job as a district manager for Waffle House and that she would lose "much more than $54,000.00 in wages in the future." (Trustee's ex. 4, Hearing on Objection to Exemption, August 6, 2004.)

The Debtors' attorney valued the entire case in the sum of $300,000.00. The Trustee also established that in 2001, the Social Security Administration determined that Mrs. Whitson was permanently disabled by the accident. In accordance with that determination, Social Security paid her a lump sum payment of $10,415.25 on March 17, 2003, and the Debtor began receiving $937.00 in monthly benefits in April 2003.

The evidence further reflects that Mrs. Whitson was 43 years old at the time of the accident and was earning in excess of $50,000.00 per year. She testified that she could think of no reason why she could not have continued to work at Waffle House for 20 more years had she not been injured. Proof was also introduced that Mrs. Whitson is now entitled to medical benefits from Medicare.

The Trustee acknowledged that he hired the Debtors' personal injury attorneys to represent the estate's interest in the case. The Trustee made the tactical decision not to have the parties agree to allocate the settlement proceeds to the various claims because to do so might discourage a compromise. (Tr. at 31, Hearing on Objection to Exemption, Order to Show Cause, Nov. 19, 2004.)

However, no reason comes to mind why the insurance companies would have had reason to object to an allocation of damages to various claims, and if the Debtor objected, this Court or the state court could have made a determination based on evidence presented at a hearing. The cause of action belonged to the Trustee, not the Debtor, and the settlement could have been approved over the Debtor's objection, subject, of course, to appellate review. 11 U.S.C. § 541 (2000); 5 Collier on Bankruptcy ¶ 541.04 (Alan N. Resnick & Henry J. Sommer, *et al* eds., 15th ed. rev.1993) ("once the property has come into the estate . . . the debtor is permitted to exercise certain exemptions under 522").

The Trustee cites the case of *In re Russell*, 148 B.R. 564 (Bankr.E.D.Ark. 1992) in support of his argument that an allocation can be made by this Court. However, that case is distinguishable because the bankruptcy court in *Russell* had evidence before it that was introduced at the state court trial that the debtor's "own physician" testified in state court that the debtor only had a four percent (4%) disability. Second, the Bankruptcy Court in *Russell* did not find the debtor "particularly credible" regarding his proof on the issue of the award being reasonably necessary for the support of the debtor.

The evidence offered at the hearing in this case consisted mostly of allegations regarding damages. There was no evidence of any kind involving damages for pain and suffering or Mr. Whitson's loss of consortium. Most telling about the Trustee's argument is that he does not identify in his brief any specific, non-exemptible portion of the settlement based on evidence of damage other than the amount it would take to pay the estate in full or to pay his fees. Any portion of the award that this Court would allocate to future earnings would be purely speculative.[3]

Based on the record presented, the Court can only speculate as to the proper portion of the award that is attributable to loss of future earnings. Therefore, the Trustee has not met his burden of proof to show that the proceeds of the settlement are not properly exemptible as loss of future earnings. *In re Bova*, 205 B.R. 467, 477 (Bankr.E.D.Pa.1997) (overruling objection to exemption where objector failed to meet burden of proof that portion of the settlement does not fall within an exemption); *In re Cramer*, 130 B.R. at 195 (stating that objecting creditor failed to disprove that debtor's recovery in a lawsuit represented loss of future earnings that was exemptible); *In re Magnus*, 84 B.R. at 978 (ruling that where a trustee can adduce no evidence contradicting a debtor's characterization of an exemption, the trustee has not met the burden of proof)(citing *In re Harris*, 50 B.R. 157, 159 (Bankr.E.D.Wis.1985)).

■■■ The final issue with regard to the Debtors' exemption under section

---

**3.** The Debtors' arguments in their Post–Trial Brief are just as speculative as the Trustee's: This places the minimum loss of future earnings at $50,000.00+ per year, minus the annual social security benefit of $10,680 which results in a number which should total not less than $40,000 per year for at least 20 years. This is $800,000 even assuming she never got a raise and never made her bonuses as a regional restaurant manager over three restaurants. She testified that she had made almost all of her bonuses in the year before the accident. Her testimony was that she made between $60,000 and $80,000 each year depending on those bonuses.

The medical bills for this case totaled only $26,000 in the first year after the accident and total around $340–400 per month for both Debtors after the case was filed in 2002. It is very unlikely that medical bills were a large impetus for the settlement of this case. (Debtors' Post–Trial Brief at 3.)

522(d)(11)(E) is whether the amount to be exempted is reasonably necessary for the Debtors' support. *In re Scotti*, 245 B.R. at 22 (citing *In re Hanson*, 226 B.R. 106, 108 (Bankr.D.Idaho 1998); *In re Bova*, 205 B.R. at 477; *In re Cramer*, 130 B.R. at 195–96). In making this determination, courts consider "the debtor's present circumstances, other exempt property, the debtor's present income and any other factors indicating what amount is truly necessary to meet the debtor's basic needs." *In re Bova*, 205 B.R. at 477 (quoting *In re Haga*, 48 B.R. 492, 495 (Bankr.E.D.Tenn. 1985)).

The Trustee argues that the Debtors have sufficient funds to pay reasonable expenses and thus do not need the additional funds available from the settlement. The Debtors have received a lump sum payment from Social Security and an advance payment from the settlement proceeds, the two sums totaling approximately $40,000.00. The Trustee contends that in light of these funds, a monthly payment from the Social Security Administration of $937.00[4] to Mrs. Whitson, Medicare benefits for some of Mrs. Whitson's medical needs, and Mr. Whitson's earnings as a truck driver, the Debtors have sufficient funds to meet expenses reasonably necessary to support themselves.

The Debtors' amended schedules filed November 3, 2003, show that even with the additional medical benefit and the Social Security payment, the Debtors' basic expenses exceed their income by $800.00 or $900.00 a month. Mrs. Whitson testified that since the loss of her employment due to a permanent disability, she and her husband have had to move to an older mobile home that is not well-insulated, resulting in higher heating fuel costs. She testified that the mobile home will soon have to be replaced, and the Debtors will probably have to pay cash for newer housing because they no longer have good credit.

Even with Medicare coverage, Mrs. Whitson has incurred higher medical costs because she can no longer take less-expensive, over-the-counter drugs for her fibromyalgia due to damage to her liver caused by her initial drug therapy. Her transportation costs have increased because she now has to travel to consult with a heart specialist in addition to the two other physicians who treat her on a regular basis.

Additionally, since the petition filing, Mr. Whitson has been diagnosed with diabetes and has thus incurred increased medical expenses. His income as a truck driver has been reduced because of layoffs, and he currently works 40 hours or less a week at a job that grosses only $1844.58 a month.

Considering all these circumstances, particularly the Debtors' chronic medical conditions and the associated financial problems, the Court finds that the balance of the settlement funds are reasonably necessary for the support of the Debtors. Therefore, the Trustee's objection is overruled and the entire balance of the settlement proceeds is determined to be exempt pursuant to 11 U.S.C. § 522(d)(11)(E).

IT IS SO ORDERED.

---

4. Mrs. Whitson actually receives only $890.00 in monthly payments because the Social Security Administration withholds $47.00 in monthly payments for Medicare benefits.